IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NATHAN CARL BROKENROPE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3204 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| WENDY BREHM, et al, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing nos. 18 and 20, the defendants' Motions to Dismiss or for More Definite Statement and to Stay this case pending resolution of the Motion to Dismiss. The plaintiff, Nathan Carl Brokenrope, Sr., has not responded to the defendants' motions.

The defendants point out that they are employees of the State of Nebraska who have been served with process in their official capacities only. As the plaintiff seeks monetary relief in his Amended Complaint, the defendants move for dismissal on the basis of the sovereign immunity recognized and preserved by the Eleventh Amendment to the Constitution of the United States.

A suit against a public employee in the employee's official capacity is actually a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Therefore, a claim against a state employee, in his or her official capacity, is in reality a claim against the state itself, as the entity that employs the officer. The Eleventh Amendment bars claims for monetary relief by private parties against a state, a state agency, or an employee of a state in his or her official capacity. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.").

The plaintiff is advised that a Motion to Dismiss will, if granted, end this case. Therefore, the plaintiff shall have until October 27, 2006, to respond to the defendants' Motions by filing a brief. The defendants' Motions are taken under advisement and will be decided after October 27, 2006, if the plaintiff responds. If the plaintiff does not file a timely

1

and sufficient response, this action may be subject, without further notice, to dismissal, without prejudice, as abandoned and for lack of prosecution.  See NECivR 41.1, which states in pertinent part:  "At any time when it appears that any action is not being prosecuted with reasonable diligence the court may dismiss it for lack of prosecution."

    SO ORDERED.

    October 6, 2006.                BY THE COURT:

                                        s/ *Richard G. Kopf*
                                        United States District Judge